**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
  E-Mail: Shane.Singh@lewisbrisbois.com
KENDALL C. FISHER, SB# 322155
  E-Mail: Kendall.Fisher@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, DTBA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>LYNDON PARTNERS, LLC, a California Limited Liability Company; DTBA, LLC, a California Limited Liability Company; and Does 1-10,<br><br>            Defendants. | CASE NO. 5:19-cv-00082-EJD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)**<br><br>Judge:  Hon. Edward J. Davila<br>Date:   June 13, 2019<br>Time:   9:00 a.m.<br>Crtrm.:  4<br><br>Trial Date:       None Set |

## I. INTRODUCTION

Plaintiff Scott Johnson ("Plaintiff"), one of the most notorious ADA litigants in Northern California, lacks standing to bring the instant ADA access complaint. Plaintiff lives too far from the business in question to demonstrate standing through either a genuine intent to return or deterrence. A court in the Eastern District of California has previously found this specific Plaintiff, Scott Johnson, to lack standing in a similar case for similar reasons. *Johnson v. Overlook At Blue Ravine, LLC*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).[1] Defendant DTBA, LLC ("Defendant") respectfully requests that this Court again find Plaintiff lacks standing to bring his case under the ADA, and to dismiss Plaintiff's Complaint in its entirety with prejudice.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed the present Complaint against Defendant DTBA, LLC, as well as Defendant Lyndon Partners, LLC, on January 7, 2019. (Pl.'s Compl., ECF No. 1.) Defendant DTBA, LLC has not yet filed an Answer to Plaintiff's Complaint. Defendants DTBA, LLC and Lyndon Partners, LLC were both served with a copy of the summons and complaint on January 28, 2019. (Proofs of Service, ECF Nos. 7, 8.) Plaintiff and Defendant DTBA, LLC (the "Parties") jointly stipulated to extend Defendant DTBA, LLC's time to respond to the Complaint to March 21, 2019. (Joint Stipulation Extending Time Def. Respond Compl., ECF No. 9.) The Court granted this extension on February 21, 2019. (Order, ECF No. 10.) Plaintiff voluntarily dismissed Defendant Lyndon Partners, LLC from the case on March 6, 2019, which was approved by the Court the same day. (Notice of Voluntary Dismissal, ECF No. 11; Order, ECF No. 12.)

Plaintiff's physical address is 5124 Kovanda Avenue, Carmichael, California. (*See*

---

[1] In *Johnson v. Overlook at Blue Ravine*, the court granted the defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction based on Plaintiff Scott Johnson's failure to establish standing to bring the claim. Johnson sued for ADA violations at the defendant's apartment complex, which was located about fifteen miles away from Johnson's residence. Johnson did not allege any particular reason that he would frequent that area. The court therefore found he could not establish standing to bring these ADA claims and dismissed the case for lack of subject-matter jurisdiction.

4827-1229-5563.1                                     1                                   5:19-cv-00082-EJD
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1)

Request for Judicial Notice ("RJN") No. 2, Ex. B); s*ee also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, *1 (acknowledging that Scott Johnson lives in Carmichael, California)).  Britannia Arms Downtown (the "subject business"), the bar that is the target of Plaintiff's Complaint, is located at 173 W. Santa Clara Street, San Jose, California.  (Pl.'s Compl. ¶¶ 2-5, ECF No. 1.)  According to Google Maps, the quickest route from Plaintiff's residence at 5124 Kovanda Avenue to Britannia Arms is a 132-mile drive, which should take about at least two hours in normal traffic, not rush hour traffic.  (RJN No. 3, Ex. C.)

Plaintiff is an attorney, and his mailing address, as listed with both the State Bar of California and the California Secretary of State, is 5150 Fair Oaks Boulevard, Suite 101, PMB 253, Carmichael, California 95608.  (RJN No. 1, Ex. A; No. 2, Ex. B.)  This is the address of a location of The UPS Store.  (RJN No. 5, Ex. E; No. 6, Ex. F.)  Plaintiff therefore uses a private mail box at this UPS Store location as his mailing address.

### III.  LEGAL ARGUMENT

To demonstrate standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively "deterrence from returning to the premises."  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *6 (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)).  Plaintiff Scott Johnson cannot show standing by either method, and therefore this Court should dismiss his Complaint in its entirety, with prejudice.

Although the court is to construe the pleadings in the light most favorable to the nonmovant when considering a motion to dismiss, the court is also free to disregard allegations that are contradicted by documents and facts either referenced in the complaint or properly subject to judicial notice.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001).

####    A.    Plaintiff Cannot Show a Genuine Intent to Return to Britannia Arms Downtown.

To establish standing through "injury-in-fact coupled with an intent to return," a plaintiff must show both elements.  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *6.  An injury-in-fact exists if a barrier is present that impairs a disabled plaintiff's "full and equal access" to a place of public accommodation.  *Id.*; *Chapman*, 631 F.3d at 947.  Plaintiff only attempts to plead an injury-

in-fact by listing alleged ADA violations present in the subject business and providing the conclusory allegation that he "personally encountered these barriers" twice in November 2018. (Pl.'s Compl. ¶ 9.)  Defendant finds Plaintiff's pleadings threadbare and conclusory, but given the standard of review do not contest that he has demonstrated an injury-in-fact.

What Plaintiff has failed to demonstrate is a genuine intent to return to Britannia Arms Downtown.  Courts look to four factors to determine if an ADA plaintiff has demonstrated an intent to return sufficient to confer standing: "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8 (citing *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *5 (E.D. Cal. Mar. 27, 2012)).  Each of the factors is analyzed in turn below, and the balance is clearly in Defendant's favor.

### 1. *Proximity of Britannia Arms Downtown to Plaintiff's Residence*

This factor considers the geographical proximity of the subject business to the plaintiff's residence as an indication of the sincerity of the plaintiff's intent to return to the business.  *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8.  In *Blue Ravine*, the Court found that a distance of "approximately fifteen miles" was relatively close, but weighed only "slightly in favor of the Plaintiff." *Id.*  Britannia Arms Downtown is more than 130 miles from Plaintiff's home, which is more than eight times farther away than the subject business in *Blue Ravine*.  (RJN No. 3, Ex. C.)  It is longer than a two-hour drive in good traffic.  (RJN No. 3, Ex. C.)  Downtown Sacramento is about a nineteen-minute drive from Plaintiff's residence.  (RJN No. 4, Ex. D.)  There are at least twenty bars in the center of downtown Sacramento, let alone the rest of the city or the greater Sacramento area.  (RJN No. 5, Ex. E.)  Given the distance of 132 miles between Plaintiff's residence and the subject business, especially in light of the myriad closer bars that Plaintiff is free to patronize instead, this factor weighs strongly in Defendant's favor.

### 2. *Plaintiff's Past Patronage of Britannia Arms Downtown*

This factor looks to the plaintiff's history of visits to the subject business.  Plaintiff alleges in his Complaint that he visited Britannia Arms Downtown "in November 2018 (twice) with the

intention to avail himself of its goods or services, <u>motivated in part to determine if the defendants comply with the disability access laws</u>." (Pl.'s Compl. ¶ 10, ECF No. 1 (emphasis added).) Plaintiff does not allege that he ever visited Britannia Arms Downtown before the visits giving rise to the instant lawsuit. (*See generally* Pl.'s Compl., ECF No. 1.) If anything, Plaintiff undermines his own intent to return by revealing that his motivation for visiting the subject business, at least in part, was to determine if it complied with the ADA—in other words, for no other reason than to form the basis for another ADA lawsuit. *See Sprewell*, 266 F.3d at 988 ("[A] plaintiff can…plead himself out of a claim by including unnecessary details contrary to his claims."); *Soo Line R.R. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."). Plaintiff's infrequent past patronage is even further undermined by how far away Britannia Arms Downtown is from his residence. (RJN No. 3, Ex. C.) This distance makes it is even more unlikely that Plaintiff ever patronized Britannia Arms Downtown before the visits giving rise to the instant lawsuit, or that he did so for any reason other than to hunt for ADA violations. Here, Plaintiff is seeking to be the "ADA Sheriff" at a bar down in San Jose when he lives in the Sacramento area.

In *Blue Ravine*, the Eastern District Court held that a lack of patronage before the visits giving rise to the lawsuit was a factor that "strongly favors" the defendant business. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-*9. The same situation is present here, and so this factor also strongly favors Defendant.

### 3. *Definitiveness of Plaintiff's Plans to Return*

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property altercations are complete." *Id.* at *9. The Eastern District Court found this intention insufficient, and that it provided "no definite intent to return," strongly favoring the defendant. *Id.* at *9-*10. In the instant Complaint, Plaintiff has alleged literally the same level of intent to return to Britannia Arms Downtown: "Plaintiff will

return to the Bar to avail himself of its goods or services and to determine compliance with the disability access laws." (Pl.'s Compl. ¶ 38, ECF No. 1.)  As the Eastern District Court found in *Blue Ravine*, Plaintiff has provided only a "'some day'" intention, "'without any description of concrete plans, or indeed even any specification of when the someday will be….'" *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)).  Particularly when considered in light of the far distance between Plaintiff's residence and the subject business, (RJN No. 3, Ex. C.), any sincerity in his supposed plans to return is out the window.  This factor weighs heavily in Defendant's favor.

Defendant also notes that the Ninth Circuit has acknowledged that a plaintiff's extensive ADA litigation history can possibly undermine that plaintiff's credibility in alleging an intent to return, although courts must consider such evidence cautiously.  *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).  The Eastern Court acknowledged the Ninth Circuit's holding in *Blue Ravine*, although it did not decide against Scott Johnson in that case on the basis of his extensive ADA litigation.  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *10-*11.  To the extent that this Court is willing to consider such evidence here, Defendants point to Plaintiff's extremely numerous filings—more than 850 in the last four years in the Northern District alone—as evidence undercutting the sincerity and credibility of any alleged intent to return to Britannia Arms Downtown.  (RJN No. 6, Ex. F.)

            4.    *Plaintiff's Frequency of Travel Near Britannia Arms Downtown*

When considering this factor, a court looks to the plaintiff's assertion of frequent travel near the defendant business, such that the plaintiff would inherently be more likely to frequent the business.  *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170.  If a plaintiff does not allege any facts supporting his or her frequency of travel near the defendant business, then this factor should weigh in the defendant's favor.  In *Blue Ravine*, Scott Johnson provided no allegations or evidence that he had "specific ties" to the defendant's property, or any other particular reason to frequent the area.  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11.  The court therefore found this factor to "strongly favor[]" the defendant.  *Id.*

1   Similarly here, Plaintiff's Complaint is devoid of any allegation that he frequents the area surrounding Britannia Arms Downtown, the Bay Area in general, or any other assertion that would cause this factor to tilt towards a finding of frequency.  Therefore, this factor weighs strongly in Defendant's favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only slightly at that.  The same balance of the factors was present in *Blue Ravine*, where the court found that the same Plaintiff was not able to establish a genuine and definite intent to return to the defendant's business.  The identical situation has repeated itself here, and Plaintiff has again failed to demonstrate a definite intent to return to Britannia Arms Downtown.  He therefore fails to establish standing through injury-in-fact and intent to return.

### B. Plaintiff Cannot Show That He Has Been Genuinely Deterred From Returning to Britannia Arms Downtown.

A showing of deterrence is the alternative to proving both injury-in-fact and intent to return to the subject business to demonstrate standing to bring an ADA claim.  *Chapman*, 631 F.3d at 949.  To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts are necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief."  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949).  The plaintiff must show the court that there is some reason why the plaintiff visits this business in particular.  For example, in *Doran v. 7-Eleven, Inc.* and *Pickern v. Holiday Quality Foods Inc.*, two of the leading Ninth Circuit cases on point, the plaintiffs demonstrated more than an empty allegation of deterrence.  In *Doran*, the plaintiff alleged that he went to the defendant's convenience store every year on his annual Disneyland trip, and in *Pickern*, the plaintiff alleged that the defendant's grocery store was near his grandmother's residence and that he wished to shop at the store on days he visited her.  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

1   In this instant Complaint, Plaintiff has simply alleged the following in support of deterrence: "Plaintiff will return to the Bar to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers." (Pl.'s Compl. ¶ 32.) Plaintiff has previously tried to demonstrate deterrence by claiming only that alleged "ADA violations deter him from returning to the [defendant's business] and that he would like to return once the property altercations are complete." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *12. The court found that Plaintiff failed to demonstrate deterrence on that basis. As Plaintiff has alleged nothing more in his instant Complaint, this Court should find that Plaintiff once again lacks standing on virtually the same facts present here.

## IV.   CONCLUSION

For the aforementioned reasons, Defendant DTBA, LLC respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), with prejudice.

DATED: March 21, 2019          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:   */s/ Kendall C. Fisher*
Shane Singh
Kendall C. Fisher
Attorneys for Defendant, DTBA, LLC

