UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br>   Plaintiff,<br> v.<br>DTBA, LLC,<br>   Defendant. | Case No. 5:19-cv-00082-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. No. 13 |

Defendant DTBA, LLC moves to dismiss Plaintiff Scott Johnson's Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Having considered the Parties' papers, the Court agrees and **GRANTS** Defendants' motion to dismiss for lack of subject-matter jurisdiction.

## I. BACKGROUND

### A. Factual Background

Plaintiff Scott Johnson is a level C-5 quadriplegic. Complaint for Damages and Injunctive Relief ("Compl.") ¶ 1, Dkt. 1. He cannot walk, has significant manual dexterity impairments, uses a wheelchair, and has a specially equipped van. *Id.*

Plaintiff went to Defendant's Bar ("the Bar") twice in November 2018. *Id.* ¶ 10. The Bar is located in San Jose, California. *Id.* ¶ 4. Plaintiff initiated this action on January 3, 2019, asserting violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("Unruh Act"). *Id.* at 9. The Unruh Civil Rights Act provides that a violation of the ADA is a violation of the Unruh Act.

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

1

*Id.* ¶ 50.

Plaintiff contends that he is deterred from returning to the Bar because of his knowledge of the existing barriers. *Id.* ¶ 32. Specifically, Plaintiff alleges Defendant violated the ADA because: (1) "there was no signage alerting plaintiff to the accessible path of travel to the outside patio," see *id.* ¶ 37; (2) "the failure to provide an accessible path of travel to the unisex restroom," see *id.* ¶ 39; (3) "the failure to provide accessible restroom door hardware," see *id.* ¶ 41; (4) "the failure to provide complaint two grab bars," see *id.* ¶ 43; and (5) the lack of "knee clearance" underneath the bathroom sinks, see *id.* ¶¶ 44–45.

### B. Procedural History

On March 21, 2019, Defendant filed the instant motion to dismiss. Motion to Dismiss for Lack of Jurisdiction ("Mot."), Dkt. 13. Plaintiff submitted an opposition on April 4, 2019. Opposition/Response re Motion to Dismiss ("Opp."), Dkt. 14. On April 9, 2019, Defendant filed a reply. Reply re Motion to Dismiss ("Reply"), Dkt. 17.

## II. LEGAL STANDARD

To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule 12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). A defendant may either challenge jurisdiction "facially" by arguing the complaint "on its face" lacks jurisdiction or "factually" by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction on the facts of the case. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. During a facial attack, the court examines the complaint as a whole to determine if the plaintiff has "alleged a proper basis of jurisdiction." *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005). When evaluating a facial attack, the court assumes the complaint's allegations truth and draws all reasonable inferences in the plaintiff's favor. *Wolfe*, 392 F.3d at 362. The court may not

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

2

consider evidence outside the pleadings when deciding a facial attack. *See, e.g.*, *MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2011 WL 1457424, at *1 (E.D. Cal. Apr. 14, 2011).

### III. DISCUSSION

Defendant's bring a "facial" challenge and argue that Plaintiff's Complaint, on its face, lacks jurisdiction. Reply at 1. Because this is a "facial" challenge, the Court may not consider Plaintiff's declaration because it is extrinsic evidence not subject to judicial notice. *See id.* at *1. Accordingly, the Court does not consider Plaintiff's declaration.

#### A. Request for Judicial Notice

Defendant requests that this Court take judicial notice of six documents. Request for Judicial Notice ("RJN"), Dkt. 13-2. Plaintiff does not dispute this request.

Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact that is "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records maintained on government websites are generally subject to judicial notice. *See, e.g.*, *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (collecting cases). Geographical information from Google Maps is also proper for judicial notice because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012).

Requests 1, 2, and 6 pertain to public records maintained on government websites. RJN at 2–3. These requests are **GRANTED.** *See Nat'l Grange of the Order of Patrons of Husbandry*, 182 F. Supp. 3d at 1075 n.3. Requests 3–5 relate to Google Maps navigation directions. RJN at 3. These requests are also **GRANTED.** *See Perea-Rey*, 680 F.3d at 1182 n.1.

#### B. General Order 56

Plaintiff argues that Defendant's motion to dismiss is barred by General Order 56, which imposes a stay on "[a]ll other discovery and proceedings." This Court, and others in this District,

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
3

have routinely rejected this argument. *See, e.g.*, *Johnson v. 1082 El Camino Real, L.P.*, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) ("This Court also finds that General Order 56 does not preclude Defendants from bringing the instant motion to dismiss for lack of subject matter jurisdiction."); *Johnson v. Tom*, 2019 WL 4751930, at *2 (N.D. Cal. Sept. 30, 2019); *Johnson v. Otter*, 2019 WL 452040, at *2 (N.D. Cal. Feb. 5, 2019) ("As such, this Court holds that General Order 56 does not bar Roper from bringing the instant motion to dismiss for lack of subject matter jurisdiction."). The Court again rejects this argument.[1]

### C. Standing

A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). The only remedy available to a private litigant under the ADA is an injunction, and so Plaintiff must prove he suffered an injury-in-fact and that there is a threat of future harm. *Id.* Accordingly, to demonstrate standing under the ADA, a plaintiff must show that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively "deterrence from returning to the premises." *Id.* at 944. While courts take a broad view of constitutional standing in disability access cases, the ADA's reach is "not unlimited." *Id.* at 946.

Plaintiff spends several pages of his Opposition establishing that he has suffered an injury-in-fact; but, "Defendant never contested [this]." Reply at 2. Plaintiff then argues that when an individual encounters one type of barrier, he or she may seek relief as to all barriers. Opp. at 5–7.

---

[1] The Court reminds Plaintiff's counsel of his duty to "disclose to the tribunal legal authority in the controlling jurisdiction known* to the lawyer to be directly adverse to the position and the client and not disclosed by opposing counsel." Cal. R. of Prof'l Conduct 3-3(a)(2). Plaintiff's counsel was the counsel of record in the three *Johnson* cases cited above, and thus should know about these controlling, directly adverse opinions. Plaintiff asserted the General Order 56 argument and so the cases were not "disclosed by opposing counsel [first]." Despite this, the cases were not discussed or cited in Plaintiff's brief. *See* Opp. at 1–2.

The Court also reminds Plaintiff (and his counsel) of Plaintiff's duty under General Order 56 to personally attend each site inspection at the subject premises. *See* General Order 56(3). Recently, during a hearing on a motion for summary judgment in another ADA case, see *Johnson v. Holden*, 5:18-cv-01624-EJD, counsel indicated that Plaintiff Scott Johnson was not attending these site inspections.

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
4

This was not an argument raised by Defendant. Indeed, Defendant never argued or disputed this. Reply at 2. Instead, Defendant argues that Plaintiff cannot establish standing because he is neither deterred from visiting the Bar nor has definitive plans to return to the Bar. Mot. at 2; Reply at 3. The Court addresses these arguments in turn.

### 1. Intent to Return

"Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman,* 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)).

Defendant argues that Plaintiff has failed to demonstrate a "genuine intent to return to [the Bar]." Mot. at 3. Plaintiff argues that he is not required to engage in the futile gesture of revisiting the Bar to demonstrate an intent to return, but that he will return once the violations are cured. Opp. at 11.

To determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (collecting cases).

#### a. Proximity of Place of Public Accommodation

This factor considers the proximity of the subject business to the plaintiff's residence/place of business as an indication of the sincerity of plaintiff's intent to return to the business. *See id.* at *8. In *Blue Ravine*, the court concluded that while a distance of "approximately fifteen miles" between the business and plaintiff's home was relatively close, it only weighed slightly in Plaintiff's favor. *Id.* Here, the Bar is more than 130 miles from Plaintiff's home. See RJN ¶ 3,

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

5

Ex. C. This is over a two-hour drive (in good traffic). *Id.* Given the distance and lengthy drive, this factor weighs in Defendant's favor.

### b. Past Patronage of Public Accommodation

Plaintiff alleges that he only visited the Bar twice—he does not allege, nor can the Court infer, prior patronage. This factor, thus, weighs in Defendant's favor.

### c. Definitiveness of Plans to Return

Much like in *Blue Ravine*, Plaintiff has no specific plans to return to the Bar. He only has a general plan to return to the Bar to "avail himself of its goods or services and to determine compliance with the disability access laws." Compl. ¶ 32; *Blue Ravine*, 2012 WL 2993890, at *3. This is a "some-day intention" because the Complaint lacks "any description of concrete plans, or indeed even any specification of when [he will avail himself to the Bar]." *Blue Ravine*, 2012 WL 2993890, at *3; *see also Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 564 (1992)) (holding that past visits to project areas did not prove imminent injury); *Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

To rebut this, Plaintiff argues that under Ninth Circuit precedent, "an ADA plaintiff does *not even need to visit a business once* to have standing to seek injunctive relief" and thus he need not have definitive plans to return to the Bar. Opp. at 11. According to Plaintiff, his lack of "definitive plans to return" to the Bar actually demonstrates deterrence and does not show he lacks an intent to return. *Id.* This, however, misconstrues Ninth Circuit precedent. In *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, the Ninth Circuit held that the disabled may assert "tester standing," meaning a plaintiff need not ever visit a business to seek injunctive relief. 867 F.3d 1093, 1101–02 (9th Cir. 2017). To this extent, Plaintiff is correct. However, simply being a "tester" plaintiff does not eliminate basic standing principles—a disabled plaintiff may not sue a business for injunctive relief simply because an ADA violation exists. Rather, they must be able to show some risk of **future** harm from the alleged ADA

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

6

violation. *See id.* at 1100 ("[E]vidence of *concrete travel plans* would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past. Contrariwise, in the absence of travel plans, a past visit *might not be sufficient evidence of imminent future harm.*" (citing *Lujan*, 504 U.S. at 560) (emphasis added)).

This Court is not suggesting that a disabled plaintiff "personally encounter" a barrier; this would contravene *Civil Rights Education*. To the contrary, the Court follows Ninth Circuit and Supreme Court precedent in concluding that Plaintiff has not shown future harm, as is his burden when asserting injunctive relief. Indeed, *Lujan* was clear—"some-day" intentions are, without more, insufficient to show concrete plans. 504 U.S. at 564. Indeed, without concrete plans to return to a location, a plaintiff seeking injunctive relief cannot show a "sufficient likelihood that he will be again be wronged in a similar way." *Lyons*, 461 U.S. at 111. "Article III [] requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the *particular plaintiff* rather than the rights of third parties." *Chapman*, 631 F.3d at 949 (emphasis added).

Here, Plaintiff's geographic distance from the Bar, his infrequent visits to the Bar, and his lack of concrete plans to return to the Bar or even the Bay Area, prevent this Court from inferring that he intends to return to the Bar. *Cf. id.* (citing *Carmarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (holding it was "reasonable to infer, based on the past frequency of her visits and the proximity of defendants' restaurants to her home, that Camarillo intends to return to these restaurants in the future"). Further, as Defendant's note, Plaintiff has an extensive history of litigating ADA claims. Reply at 3. The Ninth Circuit has instructed courts to be cautious when inferring something from a plaintiff's past ADA litigation. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). In light of this, the Court cautiously notes that given Plaintiff's volume of ADA litigation, it seems unlikely that he has actual, concrete plans to return to the Bar or the other businesses he is suing/has sued given the constraints of time. RJN ¶ 6, Ex. F; *accord Chapman*, 631 F.3d at 949 (noting the need for concrete plans to ensure the plaintiff is

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

7

1  not asserting generalized grievances in contravention of standing requirements). This, however, does not form the Court's holding; Plaintiff's lack of frequent visitation to the Bar and his lack of proximity to the situs form the Court's opinion.

#### d. Frequency of Travel Near Public Accommodation

Plaintiff presents no evidence that he has specific ties to the Bay Area or the Bar. Therefore, this factor favors the Defendant. *See* RJN ¶¶ 3–4, Ex. C & D (showing distance from Plaintiff's home to the Bar); *Blue Ravine*, 2012 WL 2993890, at *4.

Accordingly, the Court holds that while Plaintiff has an injury-in-fact, he has not demonstrated that he intends to return to the Bar.

### 2. Deterrence

"A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. As discussed above, the threat of a future injury must be sufficiently "imminent" to permit a plaintiff to sue for injunctive relief. *Id.*; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) ("Doran has suffered an injury that is concrete and particularized because he alleged in his amended complaint that he personally suffered discrimination as a result of the barriers in place during his visits to 7–Eleven and that those barriers have deterred him *on at least four occasions from patronizing the store*." (emphasis added)); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) ("Doran has visited Holiday's Paradise store in the past . . . . [he] also states that he *prefers to shop at Holiday markets* and that he would shop at the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury for purposes of standing." (emphasis added); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079–80 (D. Haw. May 16, 2000) (holding that disabled plaintiff established likelihood of future injury by submitting evidence that he would like to visit defendant's restaurant in the future, had patronized other restaurants in the chain, and that the restaurant was close to his residence and was on a familiar bus line).

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

8

Though Plaintiff states that the ADA violations deter him from returning to the Bar, see Compl. ¶ 32, he does not allege: (1) that he prefers this bar over others, (2) any specific instances of deterrence, or (3) that he often patronizes Bay Area bars and would patronize this one but-for the violations. *Cf. Doran*, 524 F.3d at 1040; *Pickern*, 293 F.3d at 1138; *Parr*, 96 F. Supp. 2d at 1079–80. The Court holds that Plaintiff has not adequately alleged that he is likely to return to the Bar or that is deterred from doing so. Accordingly, Plaintiff cannot show meet the "imminence" requirement of standing and this Court lacks subject-matter jurisdiction over his ADA claims.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's request for judicial notice and the motion to dismiss Plaintiff's ADA claim for lack of subject-matter jurisdiction under Rule 12(b)(1). The Court declines to exercise supplemental jurisdiction over Plaintiff's related Unruh Act claim, which is **DISMISSED** without prejudice. *See Johnson v. Torres Enters. LP*, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019) (declining to exercise supplemental jurisdiction over a claim for violation of the Unruh Act premised solely on a violation of the ADA).

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court finds amendment would not be futile. Accordingly, Plaintiff's claims are dismissed with leave to amend. He may file an amended complaint by **December 27, 2019.** Plaintiffs may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: November 25, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-00082-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

9